**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-5031**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

RAPHEL SMITH,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:09-cr-00054-H-3)

———————————

Submitted: August 30, 2012      Decided: September 12, 2012

———————————

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raphel Smith was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute fifty or more grams of cocaine base (Count One), in violation of 21 U.S.C. § 846 (2006); distribution of more than five grams of cocaine base and a quantity of marijuana and aiding and abetting the same (Count Six), and distribution of a quantity of cocaine base and aiding and abetting the same (Count Fourteen), both in violation of 21 U.S.C. §§ 841(a)(1) and 2 (2006); and possession of a firearm in furtherance of a drug trafficking crime (Count Fifteen), in violation of 18 U.S.C. § 924(c)(1)(A) (2006).  The district court sentenced Smith to concurrent terms of 235 months' imprisonment on Counts One, Six, and Fourteen and a consecutive sentence of 60 months on Count Fifteen.  On appeal, Smith challenges the sufficiency of the evidence, an evidentiary ruling, and the reasonableness of his sentence.  We affirm in part, vacate in part, and remand for resentencing.

Smith first argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal as to all four counts.  We review de novo the district court's denial of a Rule 29 motion.  United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir.), cert. denied, 132 S. Ct. 564 (2011).  Where the motion alleges insufficiency of the evidence, we must affirm if, viewing the evidence in the light most favorable to

2

the Government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (internal quotation marks omitted). In making this determination, we review the record "to determine whether the conviction is supported by substantial evidence, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Hickman, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks omitted), cert. denied, 132 S. Ct. 469 (2011). We will not make credibility determinations, instead assuming that the jury resolved conflicting evidence in the Government's favor. Penniegraft, 641 F.3d at 572. Thus, a defendant challenging the sufficiency of the evidence bears "a heavy burden," as "[r]eversal . . . is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

Contrary to Smith's assertion, we conclude that the record contains abundant evidence of his involvement in the drug conspiracy charged in Count One, particularly through the testimony of his co-conspirators and the undercover officer who interacted with the conspiracy firsthand. See Hickman, 626 F.3d

3

at 763 (elements of conspiracy). With regard to Counts Six and Fourteen, viewing the evidence in the light most favorable to the Government, we conclude that the record contains substantial evidence to support Smith's knowing and intentional assistance in facilitating the controlled purchases on those occasions. See United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) (discussing elements of distribution of controlled substances); United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (describing aiding and abetting in conspiracy context).

As to Count Fifteen, Smith's primary contention — that the only evidence adduced to support his conviction was his presence at the time the weapon and drugs were sold — misses the mark, as it fails to account for Smith's co-ownership of the gun and the gun's benefits to the February 21 drug sale. Viewing the evidence in the light most favorable to the Government, we conclude Smith's conviction is supported by substantial evidence. See United States v. Jeffers, 570 F.3d 557, 565 (4th Cir. 2009) (elements of § 924(c)(1)(A) offense; United States v. Wilson, 484 F.3d 267, 282 (4th Cir. 2007) (concluding constructive possession of firearm is sufficient to establish guilt); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (discussing "in furtherance of" requirement).

Next, relying on Fed. R. Evid. 404(b), Smith argues that the court erred by admitting evidence of a prior robbery.

4

Because he did not object on Rule 404(b) grounds in the district court, we review the admission of this evidence only for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). Our review of the record leads us to conclude that there was no error — plain or otherwise — in the admission of the evidence of the prior robbery. See United States v. Queen, 132 F.3d 991, 995-97 (4th Cir. 1997) (providing standard).

Finally, Smith challenges his sentence on both procedural and substantive grounds. We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court committed no significant procedural error, such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors and the parties' sentencing arguments, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). Only if the sentence is free of significant procedural error will we review the substantive reasonableness of the sentence. See id.

Smith argues that the district court should have attributed to him a lower drug weight, equivalent to 1650.685 grams of powder cocaine. We review for clear error a district court's calculation of drug quantity under the Guidelines. United States v. Slade, 631 F.3d 185, 188 (4th Cir.), cert.

5

denied, 131 S. Ct. 2943 (2011); United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (defining clear error).  The Government must prove drug quantity by a preponderance of the evidence.  United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006).  However, "[i]f the district court relies on information in the presentence report . . . in making findings, the defendant bears the burden of establishing that the information relied on by the district court in making its findings is incorrect . . . ."  United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999).

Smith provides no rationale explaining why the powder cocaine properly attributed to him as relevant conduct by the district court should not have been converted into crack, and we conclude that Smith has failed to demonstrate that the district court clearly erred in this regard.  See id.; United States v. Ricco, 52 F.3d 58, 63 (4th Cir. 1995) (approving 100:88 powder-to-crack conversion ratio).  Assuming, as Smith asserts, that certain transactions should not have been attributed to him, they have no impact on his Guidelines range.  Because the drug weight is amply supported by the testimony of Smith's co-

defendants, the district court did not clearly err in finding Smith responsible for 1598.6 grams of crack cocaine.[1]

Turning to Smith's challenge to the district court's imposition of a sentencing enhancement for being a manager or supervisor, see USSG § 3B1.1(b), we review the district court's factual finding supporting the role enhancement for clear error. United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). Smith argues that the evidence did not support the conclusion that he exercised control over any of the participants in the conspiracy. We agree. Without considering the pertinent factors, the district court made only a single finding with regard to control: "When [Smith] told somebody . . . that he didn't give a 'S' what he sold the gun for, that was management control." (J.A. 661).[2] Given the context of the statement on which the court relied, as well as Smith's ownership interest in the firearm at issue, we conclude that the statement did not

---

[1] To the extent Smith argues that the district court should have established a lower base offense level based on his policy disagreement with the crack-to-powder sentencing disparity, the court could not consider that disagreement in calculating the applicable Guidelines range. See U.S. Sentencing Guidelines Manual § 1B1.1 (2010). Nor could the court apply the two-level adjustment advocated by Smith because the adjustment had been removed from the commentary to the Guidelines. We express no view, however, on the propriety of the district court's consideration of these arguments in denying Smith's request for a variance from the Guidelines range.

[2] "J.A." refers to the joint appendix filed by the parties.

constitute evidence of Smith's managerial or supervisory authority. See Kellam, 568 F.3d at 148 (discussing factors courts consider in applying § 3B1.1(b) enhancement). Even considering the additional evidence available in the record, we conclude that, while the record may have demonstrated a hierarchical structure in the conspiracy, it failed to provide evidence of Smith's exercise of authority over another that would support the role enhancement. Because the imposition of the role enhancement was clearly erroneous on the facts presented, we vacate Smith's sentence and remand for resentencing. See Harvey, 532 F.3d at 336-37.

Because we find Smith's sentence procedurally unreasonable, we need not reach his arguments regarding the court's denial of a variance or the substantive reasonableness of his sentence. Accordingly, we affirm Smith's convictions, vacate his sentence, and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

8