**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5038**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RAPHEL SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:09-cr-00054-H-3)

Submitted:  September 24, 2013          Decided:  October 7, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case returns to us following remand for resentencing. Raphel Smith was convicted, following a jury trial, of conspiracy to distribute and possess with intent to distribute fifty or more grams of cocaine base ("Count One"), in violation of 21 U.S.C. § 846 (2006); distribution of more than five grams of cocaine base and a quantity of marijuana and aiding and abetting the same ("Count Six"), and distribution of a quantity of cocaine base and aiding and abetting the same ("Count Fourteen"), both in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006); and possession of a firearm in furtherance of a drug trafficking offense ("Count Fifteen"), in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Smith to concurrent terms of 235 months' imprisonment on Counts One, Six, and Fourteen, and a consecutive sentence of 60 months on Count Fifteen. On appeal, we affirmed Smith's convictions, but we concluded that the district court committed procedural sentencing error in imposing a Guidelines enhancement for managerial role in the offense. We therefore vacated Smith's sentence and remanded for resentencing. United States v. Smith, 494 F. App'x 319, 322-23 (4th Cir. 2012), cert. denied, 133 S. Ct. 961 (2013).

On remand, the district court sentenced Smith to concurrent terms of 168 months' imprisonment on Counts One, Six,

2

and Fourteen, and a consecutive sentence of 60 months' imprisonment on Count Fifteen. Smith appeals, challenging his convictions and the sentence imposed on remand. Because we again find procedural sentencing error, we affirm in part, vacate in part, and remand for resentencing.

In his appellate brief, Smith argues that the district court erred in denying his motion for judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, based on the sufficiency of the evidence to support each of his counts of conviction. He also challenges the district court's drug weight calculation under the Guidelines. We considered, and rejected, both of these arguments in Smith's first appeal. See Smith, 494 F. App'x at 321-22. Thus, these arguments fall within the scope of the "law of the case doctrine." See L.J. v. Wilbon, 633 F.3d 297, 308 (4th Cir. 2011) (explaining doctrine). While a district court is permitted to deviate from the law of the case in limited, exceptional circumstances, United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (describing exceptions), Smith identifies no such exception that would permit reconsideration of these issues in this appeal. We therefore conclude that these arguments are foreclosed by our prior opinion.

Smith also challenges the procedural and substantive reasonableness of his sentence on remand. We review a sentence

for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). We "must first ensure that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In announcing a sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). However, the court must conduct an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Lynn, 592 F.3d at 584 (internal quotation marks omitted). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The district court must provide sufficient explanation to "demonstrate that it 'considered the parties' arguments and

4

ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" Lynn, 592 F.3d at 576 (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Such explanation is required to "promote the perception of fair sentencing" and to permit "meaningful appellate review." Gall, 552 U.S. at 50.

Smith asserts that on resentencing, the court erred in failing to provide a sufficient explanation for its denial of his request for a downward variance. We agree. In announcing its sentence, the court provided scant explanation of its reasons for denying the requested variance and for the within-Guidelines sentence it ultimately selected. The court provided only a brief response to Smith's argument that his limited criminal history warranted a downward variance sentence, and it did not specifically address Smith's assertion that his criminal history score was exaggerated. Nor did the court specifically address counsel's arguments regarding Smith's history and characteristics, including Smith's loving relationships with his family and post-incarceration rehabilitation. The court did not refer at any point to the § 3553(a) factors or indicate its calculus under those factors. Thus, we conclude the court failed to conduct an adequate individualized assessment of Smith's case or to provide

sufficient explanation for its decision to reject Smith's request for a variance.

Procedural sentencing error, including failure to adequately explain the chosen sentence, is subject to review for harmlessness. Lynn, 592 F.3d at 576. "Under that standard, the government may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result," such that "we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks and alterations omitted). Remand is appropriate when the absence of explanation prevents us from "determin[ing] why the district court deemed the sentence it imposed appropriate" or "produce[s] a record insufficient to permit even . . . routine review for substantive reasonableness." Lynn, 592 F.3d at 582 (internal quotation marks omitted).

We conclude that the Government has not met its burden to establish harmless error. While the record clearly establishes that the court considered at least some of Smith's arguments for a variant sentence, and the arguments Smith raised were not particularly compelling, we cannot say with "fair assurance" that the court would not have reached a different

6

result had it more precisely addressed these arguments on the record.[1] Perhaps more importantly in this case, the transcript of the resentencing hearing is simply insufficient to permit meaningful appellate review of the substantive reasonableness of the sentence or to ensure that the court conducted the required individualized assessment of Smith's case.

Because we conclude there exists significant procedural error in Smith's sentence, we have no occasion to address its substantive reasonableness.[2] See United States v. Horton, 693 F.3d 463, 472 (4th Cir. 2012). Accordingly, we affirm Smith's convictions, vacate Smith's sentence, and remand

---

[1] We recognize that the district court more clearly expressed its reluctance to vary downward from the Guidelines range at the original sentencing hearing when addressing arguments similar to those raised by Smith at resentencing. Even assuming these prior statements could be used to support the sentence imposed on remand, they do not fully address the nonfrivolous arguments raised by Smith during the resentencing hearing. Moreover, the court's remarks at resentencing provide no basis to infer that the court intended to adopt or incorporate its prior rationale when refusing to vary downward in resentencing Smith.

[2] Insofar as Smith argues that the district court abused its discretion in refusing to depart downward based on his argument that his criminal history score was overstated, this issue is not reviewable on appeal, as the record provides no basis to question that the court properly understood its authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Because we do not reach the substantive reasonableness of the sentence, however, we again decline to express any view on the propriety of the district court's rejection of Smith's arguments for a downward variance.

7

for resentencing to permit the court to provide an individualized assessment and more thorough explanation of the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
