**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4760**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAPHEL SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:09-cr-00054-H-3)

Submitted: June 30, 2017                                      Decided: July 21, 2017

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raphel Smith was convicted by a jury of a cocaine base conspiracy (Count 1), in violation of 21 U.S.C. § 846 (2012); two drug distribution offenses and aiding and abetting (Counts 6 and 14), in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841 (2012); and possession of a firearm in furtherance of a drug trafficking offense (Count 15), in violation of 18 U.S.C. § 924(c) (2012). The district court initially sentenced Smith to concurrent terms of 235 months' imprisonment on Counts 1, 6, and 14 and a consecutive term of 60 months' imprisonment on Count 15. Smith appealed, challenging both his convictions and sentence. We affirmed Smith's convictions and certain Sentencing Guidelines calculations but concluded that the district court erred in imposing a Guidelines enhancement for managerial role in the offense. We therefore vacated Smith's sentence and remanded for resentencing. *United States v. Smith*, 494 F. App'x 319, 322-23 (4th Cir. 2012) (No. 11-5031) ("*Smith I*").

On remand, the district court sentenced Smith to concurrent terms of 168 months' imprisonment on Counts 1, 6, and 14 and a consecutive term of 60 months' imprisonment on Count 15. Smith appealed, again challenging both his convictions and sentence. We determined that Smith's challenges to his convictions and to certain sentencing issues upheld in *Smith I* were foreclosed by the law of the case doctrine. *United States v. Smith*, 541 F. App'x 306, 307 (4th Cir. 2013) (No. 12-5038) ("*Smith II*"). We concluded, however, that the district court failed to provide an adequate explanation of its reasons for denying Smith's request for a downward variance and for the sentence it ultimately imposed on resentencing. *Id.* at 308. Concluding that the error was not harmless, we

2

again affirmed Smith's convictions, vacated his sentence, and remanded for resentencing "to permit the court to provide an individualized assessment and more thorough explanation of the sentence imposed." *Id.* at 309.

On the second remand, the district court sentenced Smith to concurrent terms of 121 months' imprisonment on Counts 1, 6, and 14 and a consecutive term of 60 months' imprisonment on Count 15. Smith now appeals that judgment. On appeal, Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court: (1) erred in denying Smith's motions for judgment of acquittal under Fed. R. Crim. P. 29; (2) erred in calculating Smith's drug weight and declining to depart based on a policy disagreement with the cocaine base Guidelines; and (3) imposed a substantively unreasonable sentence. Smith was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

As an initial matter, we are foreclosed from revisiting many of the arguments counsel raises in the *Anders* brief. "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *L.J. v. Wilbon*, 633 F.3d 297, 308 (4th Cir. 2011) (internal quotation marks omitted). Under that doctrine, a judicial decision on appeal "must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (internal

3

quotation marks omitted); *see also United States v. Pileggi*, 703 F.3d 675, 679-80 (4th Cir. 2013) (describing mandate rule).

Counsel's challenges to the denial of Smith's Rule 29 motion, to the district court's drug weight calculations, and to the denial of a downward departure were considered, and rejected, in Smith's prior appeals. *See Smith II*, 541 F. App'x at 307; *Smith I*, 494 F. App'x at 321-22 & n.1. Although we are permitted to deviate from the law of the case doctrine in limited circumstances, *see United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (describing exceptions), we have identified no such exception that would permit reconsideration of these issues in this appeal. Thus, we conclude that further review of these issues is barred by our previous opinions.

Counsel also questions the substantive reasonableness of Smith's sentence. We review a sentence for both procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). If we find no significant procedural error, we must consider the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Smith bears the burden to rebut the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* Based on our review of the record in its entirety, we

4

conclude that Smith fails to rebut the presumption of substantive reasonableness that his sentence is accorded.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Smith's conviction and sentence. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*